UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ODELL M. HARDISON,

    Petitioner,

v.                             Case No. 10-C-285

JEFFERY PUGH, Warden,

    Respondent.

**ORDER**

On April 5, 2010, the petitioner, Odell M. Hardison ("Hardison"), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. According to his petition and attachments thereto, on May 14, 2004, Hardison was convicted in Milwaukee County Circuit Court of two counts of unlawfully possessing a firearm as a felon, in violation of Wis. Stat. § 941.29(2)(a); one count of delivering between fifteen and forty grams of cocaine, as a second or subsequent offense, in violation of Wis. Stat. §§ 961.41(1)(cm)3 and 961.48; one count of delivering between five and fifteen grams of cocaine, as a second or subsequent offense, in violation of Wis. Stat. §§ 961.41(1)(cm)2 and 961.48; and one count of maintaining a drug trafficking place, as a second or subsequent offense, in violation of Wis. Stat. §§ 961.42(1) and 961.48. Hardison was sentenced to thirty-five years imprisonment, comprised of sixteen years of initial confinement and nineteen years of extended supervision.

Hardison's petition, together with the documents accompanying it, demonstrate that on December 28, 2005, the Wisconsin Court of Appeals affirmed Hardison's judgment of conviction. Thereafter, on February 24, 2006, the Wisconsin Supreme Court dismissed Hardison's petition for

review. Hardison did not petition the United States Supreme Court for a writ of certiorari with respect to his judgment of conviction.

On January 14, 2008, Hardison petitioned the Milwaukee County Circuit Court for a sentence modification, which the court denied on January 15, 2008. On October 27, 2008, Hardison filed a postconviction motion, which the Milwaukee County Circuit Court denied on October 28, 2008. Hardison filed another postconviction motion on August 21, 2009, which the Milwaukee County Circuit Court denied on September 15, 2009. Finally, on August 4, 2009, the Wisconsin Court of Appeals denied Hardison's petition for a writ of habeas corpus ex parte. Accordingly, Hardison now petitions this court for relief.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states the following:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

From Hardison's petition, I cannot say that it plainly appears that he is not entitled to relief in the district court.[1] Therefore, the respondent will be ordered to file an answer to the petition, and

---

[1] Hardison's second claim is that the State violated his rights because police illegally searched Squeeky Clean Car Wash and illegally seized evidence therefrom. Although it appears that this claim may be barred by *Stone v. Powell*, 428 U.S. 465 (1976), it does not plainly appear from the face of the petition that Hardison is not entitled to relief on this claim.

2
Case 2:10-cv-00285-WEC    Filed 05/19/10    Page 2 of 3    Document 10

the briefing schedule, which is set forth below, will thereafter govern the processing of Hardison's petition.[2]

**NOW THEREFORE IT IS ORDERED** that on or before July 19, 2010 the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that on or before August 20, 2010 the respondent shall file a legal brief in response to the petitioner's legal brief;

**IT IS FURTHER ORDERED** that on or before September 20, 2010, the petitioner shall file his reply brief.

**SO ORDERED** this 19th day of May 2010, at Milwaukee, Wisconsin.

BY THE COURT:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

---

[2] Because the petitioner filed a memorandum in support of his petition on April 5, 2010, the court finds the petitioner's duties in that regard to be satisfied and does not order the petitioner to file another brief.