UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ODELL M. HARDISON,

    Petitioner,

v.                                                Case No. 10-C-0285

JEFFREY PUGH, Warden,

    Respondent.

**DECISION AND ORDER DISMISSING HABEAS CORPUS PETITION
FOR UNTIMELINESS**

## I. BACKGROUND

On April 5, 2010, the petitioner, Odell M. Hardison ("Hardison"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the attachments thereto, on May 14, 2004, Hardison was convicted in the Milwaukee County Circuit Court of two counts of unlawfully possessing a firearm as a felon, in violation of Wis. Stat. § 941.29(2)(a); one count of delivering between fifteen and forty grams of cocaine, as a second or subsequent offense, in violation of Wis. Stat. §§ 961.41(1)(cm)3 and 961.48; one count of delivering between five and fifteen grams of cocaine, as a second or subsequent offense, in violation of Wis. Stat. §§ 961.41(1)(cm)2 and 961.48; and one count of maintaining a drug trafficking place, as a second or subsequent offense, in violation of Wis. Stat. §§ 961.42(1) and 961.48. On July 21, 2004, Hardison was sentenced to serve thirty-five years, comprised of sixteen years of initial confinement and nineteen years of extended supervision.

On December 28, 2005, the Wisconsin Court of Appeals affirmed Hardison's judgment of conviction. Hardison then petitioned the Wisconsin Supreme Court for a review of the court of

appeals' decision. Hardison thereafter moved to withdraw his petition for review and, on February 24, 2006, the supreme court dismissed his petition for review.

On January 14, 2008, Hardison filed a motion for sentence modification in the Milwaukee County Circuit Court. On January 15, 2008, the circuit court denied Hardison's motion. On October 27, 2008, Hardison filed a postconviction motion, which the circuit court denied on October 28, 2008. Hardison filed another postconviction motion on August 21, 2009, which the circuit court denied on September 15, 2009. Finally, on August 4, 2009, the Wisconsin Court of Appeals denied Hardison's petition for a writ of habeas corpus ex parte.

As stated previously, on April 5, 2010, Hardison filed his federal habeas corpus petition. After review of Hardison's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I ordered the respondent to file an answer to the petition no later than July 19, 2010. After being granted an extension of time to file his answer, the respondent, on August 13, 2010, filed a motion for summary judgment seeking dismissal of Hardison's petition for untimeliness. The court issued a schedule to govern the briefing of the timeliness issue. The parties have filed their briefs on the issue of timeliness, and thus the respondent's motion is now ready for resolution. For the reasons that follow, the respondent's motion for summary judgment will be granted and Hardison's petition for a writ of habeas corpus will be dismissed as untimely.

## II. DISCUSSION

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to

specify when the one-year limitations period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For Hardison, his one-year period of limitations began to run on February 24, 2006, when the Wisconsin Supreme Court dismissed his petition for review, thereby rendering his judgment of conviction final "by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). As noted by the respondent in his brief, normally, a defendant would have ninety days to file a petition for a writ of certiorari in the United States Supreme Court. *See* Sup. Ct. R. 13 (stating that a petition for writ of certiorari must be filed within 90 days of the entry of the judgment sought to be reviewed). However, in Hardison's case there was no judgment from which he could seek a writ of certiorari because Hardison moved to dismiss his petition for review. But, even assuming that Hardison were entitled to an additional 90 days until his one-year federal habeas corpus statute of limitations period

commenced to run, it would not make a difference. His federal habeas corpus petition would still have been filed in untimely fashion.

Even if Hardison were granted the additional 90 days, the one-year limitations period would have begun running on May 25, 2006. This would mean that Hardison needed to file his federal habeas petition on or before May 25, 2007. But he didn't file it until April 5, 2010.

To be sure, and as previously noted, on January 14, 2008, Hardison filed a motion for sentence modification in the Milwaukee County Circuit Court, which was denied on January 15, 2008. This was followed by Hardison's filing a postconviction motion on October 27, 2008, which the circuit court denied on October 28, 2008. This in turn was followed by Hardison's filing another postconviction motion on August 21, 2009, which the circuit court denied on September 15, 2009. And finally, on August 4, 2009, the Wisconsin Court of Appeals denied Hardison's petition for a writ of habeas corpus ex parte.

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, by the time Hardison filed his first motion on January 14, 2008, to wit, his motion for sentence modification, the one-year federal habeas statute of limitations had already expired (on May 25, 2007, at the latest). Unfortunately for Hardison, "a state court [motion for post-conviction relief] that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (stating that "a state proceeding that does not begin until the federal year has expired is irrelevant" and does not restart the one-year time limitation).

4

Hardison argues, however, that he is entitled to equitable tolling of the statute of limitations. Recently, in *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010), the United States Supreme Court held that "§ 2244(d) is subject to equitable tolling in appropriate cases." The Court stated that to be entitled to equitable tolling a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Hardison contends that his counsel's ineffectiveness constitutes extraordinary circumstances, entitling him to equitable tolling. The *Howard* Court confronted this very issue, and in doing so, recognized that "professional misconduct" can, in some circumstances, "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Id.* at 2563. However, the Court declined to determine whether the petitioner was entitled to equitable tolling because "no lower court has yet considered in detail the facts of this case to determine whether they indeed constitute extraordinary circumstances sufficient to warrant extraordinary relief." *Id.* at 2565. To be sure, the Court stated that "the facts of this case present . . . serious instances of attorney misconduct" that "may well be an 'extraordinary' instance in which petitioner's attorney's conduct constituted far more than . . . 'excusable neglect.'" *Id.* at 2564. The Court summarized the attorney misconduct as follows:

> Here, Collins [the petitioner's attorney] failed to file Holland's [the petitioner's] federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.*

Hardison's argument for equitable tolling falls well short of the extraordinary instance of attorney misconduct noted in *Holland*. Hardison argues that his counsel's "ignoring the[] merits" of his case prevented him from filing his petition. But, he has not demonstrated with any particularity how counsel's behavior was egregious enough to warrant the unusual relief of equitable tolling.

According to Hardison, it was at the suggestion of counsel that Hardison withdrew his petition for review with the Wisconsin Supreme Court. In support of such statement he attached to his brief a letter dated February 17, 2006, from Attorney Patrick Cafferty, which reads as follows:

Dear Mr. Hardison:

I am writing to confirm our conversation of this afternoon. It is my understanding that you have chosen to write to the Wisconsin Supreme Court to advise them that you are withdrawing your Petition for Review.

I will not be filing anything with the Wisconsin Supreme Court on your behalf.

I have agreed that I will further review your case to develop a strategy to pursue a § 974.06 action in the trial court. Once the review is completed, I will visit with you to help you decide how to proceed in your effort to obtain a new trial.

I will be talking to you soon.

Very truly yours,

Patrick K. Cafferty

But, Hardison does not explain why it was not until almost two years later that his motion for modification of sentence was filed, to wit, on January 14, 2008. Of course, by that time, the one-year habeas corpus limitations period had already expired. And, unlike the petitioner in *Howard*, Hardison has not made any effort in his case to connect counsel's conduct with the failure to timely file a federal habeas corpus petition. Moreover, although Hardison complains about a lack of familiarity with the law, "[s]tanding alone, the lack of legal expertise is not a basis for invoking equitable tolling." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

6

In sum, because Hardison has not demonstrated that extraordinary circumstances stood in the way of his filing a habeas petition in timely fashion, he is not entitled to equitable tolling.

There is one final matter to address. The recently amended provisions of Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the habeas petition is denied on procedural grounds without addressing the prisoner's underlying constitutional claim, a certificate of appealability is issued only if the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 684 n.3 (2009) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). As the Seventh Circuit similarly held, "[i]f success on a non-constitutional issue is essential . . . , and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003) (citing *Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002)).

In my opinion, Hardison is not entitled to a certificate of appealability. Put simply, the statutory timeliness of Hardison's petition is a straightforward issue, and I do not believe that a reasonable jurist would find it debatable whether I erred in resolving this non-constitutional question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, Hardison will be denied a certificate of appealability.

Of course, Hardison retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**NOW THEREFORE IT IS ORDERED** that Hardison's petition for a writ of habeas corpus be and hereby is **DISMISSED** for untimeliness;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly

**SO ORDERED** this 20th day of December 2010 at Milwaukee, Wisconsin.

                                            **BY THE COURT:**

                                            s/ William E. Callahan, Jr.
                                            WILLIAM E. CALLAHAN, JR.
                                            United States Magistrate Judge